[Crim. No. 1704. First Appellate District, Division Two.—April 19, 1933.]

THE PEOPLE, Respondent, v. HARRY STELLING, Appellant.

Philip M. Zwerin and Fabian D. Brown for Appellant.

U. S. Webb, Attorney-General, and Seibert L. Sefton for Respondent.

SPENCE, J.—Defendant was charged with a violation of chapter 638 of the Statutes of 1931, said act being referred to by the parties as either the Motor Carriers' Transportation Act or the Motor Carriers Transportation Agents' Act. Defendant was duly tried and convicted and he appeals from the judgment of conviction and the order denying his motion for a new trial.

Appellant contends that the evidence was insufficient in several respects, but we find no merit in these contentions. It is first claimed that the evidence failed to show that appellant "sold or offered for sale the alleged transportation". It appears, however, that appellant was operating an establishment at 768 Howard Street in San Francisco, where signs were displayed advertising fares to various points; that two officers in civilian clothes entered the place and asked appellant "if this was the place to buy transportation to Los Angeles" and appellant "said it was"; that

appellant advised the officers that the fare would be $6 apiece; that the officers each offered to pay $6, but appellant stated that $1 should be paid to him by each of them "for the reservations" and that each "should give the $5.00 additional to the driver". There was a conflict in the evidence, appellant testifying that the officers did not offer to pay $6, that they did not pay $2 for reservations, but that they merely paid him 25 cents each for insurance policies which he delivered to them. Nevertheless, the evidence of the officers showed that appellant accepted money for the express purpose of making reservations for the transportation of said officers. In our opinion the evidence was sufficient to show that appellant was holding himself out as a motor carrier transportation agent and that he offered for sale and negotiated for transportation as such agent within the meaning of said act. Appellant also claims that the evidence failed to show "that the portion of the highway over which the alleged transportation occurred was served by any certified carriers". In support of this claim appellant attempts to put an unwarranted interpretation upon the testimony of Mr. Williams, an assistant engineer connected with the Railroad Commission, who testified that the route over which the officers were transported was "served by carriers certified by the railroad commission of the state of California". Appellant also claims that "It does not appear that the carrier for whom appellant sold transportation did not have a certificate of public convenience." The prosecution introduced evidence to show that Thompson, the driver of the automobile in which the officers were transported, was in appellant's place of business when the officers paid appellant for their reservations. One of the officers asked appellant what kind of a machine he would be transported in, and Thompson spoke up and said, "You are going down in a seven-passenger Studebaker." It was apparently the theory of the prosecution that appellant himself might have been the carrier operating the Studebaker car, using Thompson as the driver. Testimony was therefore introduced to show that appellant had no certificate of public convenience and necessity. Appellant took the stand and denied most of the material evidence given by the officers regarding the transaction, denied any connection

with Thompson, denied the presence of Thompson at the time and denied any knowledge of the fact that the officers were transported in the car driven by Thompson. He admitted, however, that he knew Thompson and that said Thompson was "one of those wild catters". Whether appellant acted as principal or as agent for Thompson is immaterial under the act and the foregoing evidence was sufficient to show that neither appellant nor Thompson had a certificate of public convenience and necessity.

Appellant further contends that the trial court erred in refusing to permit him to introduce in evidence "his license as a transportation agent". The alleged offense occurred in March, 1932. The license offered in evidence is not before us but it was referred to by appellant as a "permit" from the Railroad Commission issued on August 29, 1932, to E. D. Grave. We are at a loss to understand the theory upon which appellant offered this permit which was issued to E. D. Grave some months after the commission of the offense. Upon the face of the record it appears that the trial court properly sustained the objection to the offer.

The final contention made by appellant is that "the statute in question contravenes the United States Constitution". Appellant refers only to "section 2 of article 4" and also to the "fifth article" of the Constitution. The first deals with the right of the citizens of each state to all of the privileges and immunities of the citizens in the several states and the other deals with the manner of amending the Constitution. A reading of the statute under consideration clearly shows that it is not in contravention of either of said articles. From appellant's argument it appears that he may have had in mind the fifth and fourteenth amendments to the United States Constitution, but in our opinion there is nothing in the statute which violates either of the amendments last mentioned. In a recent case in the Southern Division of the United States District Court, Northern District of the State of California, it was contended that said statute was violative of both the Constitution of the United States and the Constitution of California, but said statute was upheld as constitutional in an opinion handed down in said case on March 7, 1933. (*Finn*

v. *Railroad Commission*, 2 Fed. Supp. 891, In Equity. No. 3485K.)

The judgment and order denying the motion for a new trial are and each of them is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.